IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES AID FUNDS INC. | § | |
| | § | |
| VS. | § | ACTION NO. 4:07-CV-139-Y |
| | § | |
| MURACOMBI ENTERPRISES, INC. and | § | |
| ABC WRECKER SERVICE | § | |

OPINION AFTER NONJURY TRIAL

Plaintiff United Student Aid Funds ("USAF") brings this suit under section 488 of the Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1095a, alleging that defendant Muracombi Enterprises, Inc. ("Muracombi"), which does business as ABC Wrecker Service ("ABC"), failed to comply with orders of withholding seeking a portion of the wages of one of its employees, Kelby Hubbard. At trial, the only remaining issue is whether USAF is entitled to the approximately $88,000 in attorneys fees and costs it seeks. The resolution of that issue depends in large part upon whether Defendants ever received notice of the withholding orders. The Court concludes that USAF has not adequately demonstrated that notice was received.

USAF, an authorized student loan guaranty agency, guaranteed Hubbard's student loans. Hubbard defaulted on the loans, leaving a principal balance of $4,072.28. (USAF's Ex. 12.) USAF provided Hubbard with notice of its intent to initiate withholding proceedings in November 2004. (USAF's Ex. 23 at 3 (interrogatory 11).) Hubbard did not request a hearing.

As a result, on December 20, 2004, USAF allegedly mailed by

regular mail a notice of a withholding order to ABC authorizing the garnishment of a portion of Hubbard's earnings in repayment of the loan. (*Id.*) USAF contends that it sent this notice to the address Muracombi had registered with the Texas Secretary of State. That address was 4020 Flory Street, Fort Worth, Texas 76180. Upon receiving no response to the notice, USAF allegedly sent a second notice of the withholding order to the Flory Street address on January 25, 2005. (*Id.*) No response was received to the second notice.

The HEA makes an employer liable for "any amount that such employer fails to withhold from wages due an employee following receipt . . . of notice of the withholding order." 20 U.S.C.A. § 1095a(a)(6) (West 2000). USAF presented no evidence at trial demonstrating that notices of these withholding orders were received by Defendants. USAF contends, in conclusive fashion, that these notices were "sent." (USAF's Ex. 23 at 3 (interrogatory 11) ("Sent notice of wage withholding to employer 12-20-04. Second Notice to Employer 1-25-05.") USAF failed to present any evidence, however, demonstrating that these particular notices were mailed to Defendants or the details regarding any such mailings.

Instead, USAF attempted to prove by circumstantial evidence the "routine and practice" regarding the mailing of documents similar to the notices of withholding orders issued to ABC. (*Id.* (interrogatory 13).) Inexplicably, however, USAF's proof of the customary mailing practice regarding withholding orders was significantly more detailed on summary judgment than at trial. *Compare* Op. of the Fifth Circuit Ct. of Appeals (doc. 69) at 6 (regarding Gary Mooneyham's

affidavit), *with* USAF's Ex. 23 at 3 (Mooneyham's Depo. on Written Questions).  At trial, USAF failed to demonstrate who is normally responsible for mailing the withholding orders or any details regarding the normal procedure for accomplishing such mailings, such as how the notices are placed into envelopes and addressed, whether and the manner in which appropriate postage is placed on the outgoing notices, what return address is normally placed on outgoing notices, and how the outgoing notices are delivered to the post office.  Thus, the Court concludes that USAF is not entitled to the presumption that the allegedly mailed notices reached their destinations or were received by the addressees.  *See United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) ("'Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed.'") (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)).

　　And even if USAF has presented enough evidence to cause the presumption to arise, the Court concludes that it has been adequately rebutted.  Unbeknownst to USAF, Defendants moved out of the Flory Street address on April 1, 2004, and into their new location at 10289 IH 35 W. North, Fort Worth, Texas 76177, where they continue to operate.  Texas law requires corporations to inform the Secretary of State of any change in its registered address.  *See* TEX. BUS. CORP. ACT ANN.  Art.  2.10(A)(3) (Vernon Supp. 2009).  Nevertheless, Muracombi's president, Kathy Routh, did not realize she needed to update the registered address with the Secretary of State after

moving, and thus the address was not updated until August 27, 2007, after this suit was filed. (USAF's Ex. 6.)

Although Defendants submitted a forward notice to the post office when they moved requesting that all mail be forwarded to their post office box, they never received any notices of withholding order forwarded from the Flory Street address.[1] They did, however, receive other mail forwarded from that address. The notices were, however, never returned to USAF, despite the fact that they allegedly included a return address. The fact that Defendants never actually received the notices but they were not returned to USAF, coupled with the fact that USAF has presented no evidence tending to demonstrate that the notices actually were or generally would have been properly addressed, with adequate postage, and mailed, leads the Court to question whether the mailing was, in fact, accomplished. *See In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) ("[T]he presumption may only be overcome by evidence that the mailing was not, in fact, accomplished.").

When there was no response to the notices of withholding orders, USAF's national counsel sent a demand letter to ABC at the Flory Street address via Federal Express on May 23, 2005. (USAF's Ex. 9.) Again, there was no response. Defendants had already relocated their business operations and thus did not receive the letter from Federal Express, who apparently does not forward. Another letter, a "FINAL

---

[1] Routh testified that either she or her husband and Muracombi's general manager, Harvey Fornof, were the only ones who retrieved the mail from the post office box. Both testified that they had never received the notices of the withholding order in the mail or otherwise.

NOTICE," was sent to ABC at the Flory Street address on October 27 via certified mail, return receipt requested. (USAF's Ex. 4.) That return receipt apparently was received back marked "unable to forward." (USAF's Ex. 5.)

Subsequently, USAF retained trial counsel, J. Richard Hall, on January 30, 2007. Hall filed this suit on USAF's behalf on March 2. Hall sent notice of the lawsuit and a request for waiver of service of summons to Muracombi at the Flory Street address on March 21. Again, there was no response. On July 30, summons served on the Texas Secretary of State and mailed to Defendants at the Flory Street address was returned unexecuted bearing the notation that no forwarding order was on file. And a certified letter posted on July 31 was returned marked "not deliverable as addresses--unable to forward." (Pls.' Ex. 19.) None of the correspondence allegedly sent to the Flory Street address by regular mail was ever returned, nor was there any indication that the mail sent by either regular or certified mail had been refused.

Hall continued to send correspondence to Defendants at the Flory Street address until approximately July 30, when he somehow learned of another address that Defendant allegedly occupied at 6821 Harmonson. As a result, Hall copied Muracombi at the Harmonson address with a letter he sent to the clerk of Court requesting that default be entered against Defendants. Defendants never conducted business from the Harmonson address, but they did maintain a storage facility there. Soon thereafter, on August 6, Defendants first learned that USAF was looking for them to pay Hubbard's loan.

Although unclear, it appears likely that the July 30 correspondence mailed by Hall to the Harmonson Road address ultimately reached Defendants and was the first document from USAF to do so.  Defendants did not receive notice of the withholding orders, actual or constructive, until after this suit was filed.

In any event, as soon as Defendants learned of the matter, Harvey Fornof, Routh's husband and Muracombi's general manager, contacted Hall via telephone.  Fornof learned that USAF was attempting to obtain a default against Defendants for failing to withhold a portion of Hubbard's pay in accordance with the withholding orders.  During this call, Fornof gave Hall Defendants' post office box address.[2]  Rather than spending more time on the matter, Defendants decided to pay off Hubbard's loan, with collection costs and interest, just to be rid of the mess.  On August 30, less than thirty days after first learning of the withholding order, Defendants tendered a check to USAF for $6,966.22.[3]

Nevertheless, USAF continued to pursue the suit for the purpose of obtaining its attorneys' fees from Defendants.  USAF now contends that Defendants owe it over $88,000 in attorney's fees and court costs.  This despite the fact that the original debt was only slightly over $4,000, and despite the fact that it should have become increasingly clear to USAF that Defendants were not receiving the

---

[2] Nevertheless, on August 10 Hall mailed letters to Defendants at their Flory Street and Harmonson addresses.

[3] This amount, reflected on the check included as part of USAF's exhibit 13, is greater by nine dollars from that shown as the payoff due in USAF's exhibit 12.  This discrepancy apparently was intended to cover any further interest incurred in the seven-day period between the two exhibits. (Pl.'s Ex. 13.)

notices and letters sent to the Flory Street address.

Granted, Defendants were obligated to update their registered address with the Secretary of State and failed to timely do so. But given that the HEA requires receipt of notice prior to an employer's becoming liable for the debt of its employee, and that USAF had ample notice that certified mail sent to Defendants at the Flory Street address was being returned as undeliverable, USAF should have made more diligent attempts to locate Defendants before expecting them to pay almost six figures in attorneys' fees. The fact that USAF continued to incur attorneys' fees that ultimately reached more than twenty-one times the amount of the original debt, with the vast majority of fees having been incurred after the original debt was paid, is absurd. Even if the Court believed that Defendants had received timely notice of the withholding orders, it would be disinclined to award such a disproportionate amount of fees.

SIGNED November 16, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE